# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ADRIAN N. BUGARIU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **2:13-cv-00355** |
| v. | ) |
| | ) |
| TOWN OF ST. JOHN, INDIANA, ST. | ) |
| JOHN POLICE DEPARTMENT, CHIEF | ) |
| FRED A. FREGO, STEVE KILL, St. John | ) |
| Town Manager, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Adrian Bugariu has filed a bare bones one-page complaint apparently related to an arrest that he was subjected to a number of years ago. The defendants, the Town of St. John and various Town officials, have jointly moved to dismiss Bugariu's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Docket Entry 4.) Bugariu never responded, and in fact hasn't participated in the case since the defendants removed it to federal court. Defendants have indicated that they served the removal documents and the motion to dismiss on Bugariu's counsel. (DE 2, 4.)

Bugariu's allegations are sparse – so much so, in fact, that it's not entirely clear what his claims are, and whether they are state claims, federal claims, or both. Reading the complaint liberally, Bugariu's complaint appears to be an attempt to state both federal and state claims for false arrest and imprisonment, as well as malicious prosecution. The complaint doesn't put the defendants on notice of the claims against them and the factual basis for those claims. So it will be dismissed, albeit without prejudice.

## FACTUAL BACKGROUND

Bugariu filed his complaint in Lake County Court on August 12, 2013. Here is what it says in its entirety:

> 1. Plaintiff and defendants reside in Lake County, Indiana.
>
> 2. On *April 15, 2010*, defendant Town of St. John, by and through its agents Fred A. Frego and Steve Kill unjustly and falsely arrested plaintiff.
>
> 3. Although plaintiff denied any knowledge or information pertaining to the commission of the crime, defendants directed, urged, and commanded certain police officers of the City of St. John to place plaintiff under arrest.
>
> 4. As a consequence of the false and unjust charges, plaintiff was arrested on *April 15, 2010* and held in jail until April 26, 2010 when he was released. The case was discharged for lack of evidence or probable cause on August 11, 2011.
>
> 5. The actions of defendant were done maliciously and with the specific intent to harm plaintiff in his occupation and to harm plaintiff's reputation.
>
> 6. As a consequence of the unlawful imprisonment the *plaintiff loss* [sic] *time and his freedom, suffered indignity and humiliation, experienced mental suffering, loss of wages, and was forced to go to Mississippi until the end of July, 2010.*

That's all Bugariu has to say about the matter. It's entirely unclear what "the crime" was (Complaint ¶ 3), or what the charges were (Complaint ¶ 4), or what "the case" was (Complaint ¶ 4). It's also unclear what Mississippi has to do with anything, however dreadful Bugariu may have found his stay there. (Complaint ¶ 6.)

It's also not clear exactly what Bugariu's claims are. But liberally construing the complaint, they could include false arrest, false imprisonment, and malicious prosecution. These claims could be construed as arising under 42 U.S.C. § 1983, which was the implicit basis for the defendants' removal of the case on October 3, 2013. The removal was timely pursuant to the defendants' motion to enlarge time to answer the complaint in state court. (DE 2 ¶ 4.)

## ANALYSIS

The defendants argue that Bugariu's claims are untimely based on the face of the complaint. (DE 5 at 3.) They also argue that any state tort claims are barred by the Indiana Tort Claims Act (DE 5 at 7) and that qualified immunity protects them from both state and federal claims. (DE 5 at 9.)

The problem with making any meaningful evaluation of the claims is that the complaint is so threadbare. The only substantive documents that have been filed in this case are the removed state court complaint consisting of a single page, and the defendants' motion to dismiss. I note, as a preliminary matter, that I didn't suggest that Bugariu respond to the motion to dismiss, or enter an order to show cause why the dismissal shouldn't be granted, or advise Bugariu of the consequences of failing to respond. The Seventh Circuit has said that I don't need to do any of those things before considering a motion to dismiss. *See, e.g.*, *Curtis v. Bembenek*, 48 F.3d 281, 286-88 (7th Cir. 1995) (a court need not advise even a *pro se* litigant of the consequences of not responding to a motion to dismiss because "[t]he plaintiff can simply rest on the assumed truthfulness and liberal construction afforded his complaint"). I'll decide the motion to dismiss based on the defendants' memorandum in support of it and on Bugariu's complaint.

But before I evaluate the sufficiency of the complaint, I need to say a word about the threshold issue of jurisdiction. As I've noted, it's unclear exactly what Bugariu's claims are, including whether they encompass federal claims. But I think it's fair to read them as including claims under § 1983, which means I have federal question jurisdiction. Bugariu has not said otherwise, and while there's no deadline (other than the date of final judgment) for remand to state court based on lack of subject matter jurisdiction, 28 U.S.C. § 1447©, Bugariu's failure to object to removal suggests the presence of federal claims. Reading the complaint liberally, I will construe the complaint to include both federal § 1983 claims and supplemental state tort claims.

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The point is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citation omitted). Just reciting the elements of a claim won't cut it. *Id.* In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, but I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The first step in my analysis is to identify and disregard all "allegations in the complaint that are not entitled to the assumption of truth," especially including any legal conclusions. *Id.* at 680-81. Then I must look at the remaining allegations to determine whether they *plausibly* – and not merely possibly

4

or conceivably – suggest an entitlement to relief. *Id.* at 681, 683. This task invariably requires me to draw on my judicial experience and common sense. *Id.* at 679. In short, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

As the complaint stands, facts are lacking while pejoratives and legal conclusions abound. Simply calling charges "false and unjust" doesn't make them so, and alleging that acts "were done maliciously" doesn't put defendants on notice of the basis of the malice allegation.

The big question in a false arrest claim under Indiana or federal law is whether the defendant had probable cause for the arrest. *See Row v. Holt*, 864 N.E.2d 1011, 1016 (Ind. 2007) (citing *Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003)); *Bentz v. City of Kendallville*, 577 F.3d 776, 779-80 (7th Cir. 2009). I'll analyze the false imprisonment and false arrest claims together because "Indiana courts have used the terms 'false arrest' and 'false imprisonment' interchangeably when a plaintiff's claim stems from detention by authorities without probable cause." *Bentz*, 577 F.3d at 780; *see also Row*, 864 N.E.2d at 1016 n.4 ("'inasmuch as Row's claim for false imprisonment stems from his alleged false arrest, we need not make a separate analysis for the former.' [*Row v. Holt*, 834 N.E.2d 1074, 1089, 2005 (Ind. Ct. App. 2005).] Thus, our analysis, though discussed in relation to false arrest, applies equally to the false imprisonment claim.").

So in order to successfully plead false arrest and false imprisonment, at the very least Bugariu would have to plead facts sufficient to show that he was arrested without probable cause. Not only does he not plead any facts related to probable cause for arrest, he doesn't even baldly assert that probable cause for the arrest was lacking (although he does say "the case" was

5

ultimately "discharged for lack of evidence or probable cause" (Complaint ¶ 4)). The allegation that *charges* were dismissed based on "lack of evidence *or* probable cause" (emphasis added) doesn't necessarily mean (or even allege) that probable cause was lacking for the *arrest*. Bugariu also alleges that he was arrested despite "den[ying] any knowledge or information pertaining to the commission of the crime." (Complaint ¶ 3.) Most people don't admit to knowledge of a crime before they are arrested – if that were required to make a lawful arrest, the prisons would largely be empty. Bugariu's pre-arrest denial of knowledge of information about the crime doesn't automatically equate to a lack of probable cause for arrest. While the defendants could make and have made a good faith effort to guess at what "the crime" and "the case" were, the bare and conclusory statements in the complaint don't put them on notice as required by Rule 8. Bugariu hasn't pleaded enough facts to make plausible a claim of false arrest or false imprisonment.

As for the claim of malicious prosecution, there are four elements: "(1) the defendant [] instituted or caused to be instituted an action against the plaintiff []; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). "The element of malice may be inferred from a total lack of probable cause, from the failure to make a reasonable or suitable inquiry, and from a showing of personal animosity." *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004) (internal quotation marks and citation omitted).

Bugariu more or less alleged the first and last elements. (Complaint ¶¶ 2,4.) But he didn't allege *facts* regarding malice or probable cause for the second and third elements. He states the

conclusion that actions were taken "maliciously," but doesn't indicate the facts from which malice might be inferred. The claim of malicious prosecution is just too conclusory, and so it fails, too.

In sum, I simply have no idea exactly what Bugariu is trying to allege. The fact that he doesn't tell any coherent story, plausible or otherwise, means that the complaint must be dismissed. Because the complaint is being dismissed for pleading insufficiency, and it might be sufficient if supplemented, the dismissal is *without* prejudice.

To be clear, I am dismissing all of the claims that I have read the complaint as attempting unsuccessfully to allege, both federal and state. The principle of comity would normally encourage me to relinquish supplemental jurisdiction over the state law claims, and to hold that dismissal applies only to the federal side of the case. 28 U.S.C. § 1367(c)(3); *see Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). But in this situation, the state and federal claims are completely intermingled, not differentiated at all (that's part of the problem with the complaint – I have no idea what's being alleged), so it's hard to rationally pull them apart for dismissal. Furthermore, the dismissal is without prejudice, so Bugariu may be able to clarify what his claims are, their factual bases, and whether they are state or federal or both.

Finally, it is worth noting that even though my dismissal of the cursory complaint is without prejudice, if Bugariu were to refile the case, it appears from the face of the current

complaint that the claims would be barred by the statute of limitations.[1] Indiana's statute of limitations for personal injury claims, including false arrest, false imprisonment and malicious prosecution, is two years. *See Julian v. Hanna*, 732 F.3d 842, 844-45 (7th Cir. 2013) (citing Ind. Code § 34-11-2-4(a); *Commercial Credit Corp. v. Ensley*, 148 Ind. App. 151, 159 (Ind. Ct. App. 1970)); *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). Federal law governs when the two years begin to run. *Serino*, 735 F.3d at 590 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "The general rule is that a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action. There is a specific rule, however, for false arrest claims. The Supreme Court held that for these claims, the action begins to run at the time the claimant becomes detained pursuant to legal process – that is, when the arrestee is bound over by a magistrate or arraigned on charges." *Serino*, 735 F.3d at 591 (internal quotation marks, citations omitted). As noted above, an element of malicious prosecution is the termination of criminal proceedings in the plaintiff's favor, so the claim accrues upon termination of the case. *See, e.g.*, *Julian*, 732 F.3d at 845; *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

---

[1] I won't decide based on the statute of limitations here because the pleading deficiency is sufficient to decide that this complaint needs some work, and that's a clearer reason for granting a motion to dismiss. A plaintiff's failure to adhere to a statute of limitations is an affirmative defense and "is rarely a good reason to dismiss under Rule 12(b)(6)," *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004), although there are exceptions. At the motion to dismiss stage, "the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations[.]" *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003). A plaintiff need not anticipate affirmative defenses in his complaint in order to survive a motion to dismiss. *Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). However, "[w]hile complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense. . . . [It may be] appropriate [] to consider the statute of limitations [when] the relevant dates are set forth unambiguously in the complaint." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quotation marks and citation omitted); *see also Indep. Trust Corp.*, 665 F.3d at 935.

According to the complaint, Bugariu was arrested and imprisoned on April 15, 2010, released on April 26, 2010, and the charges against him were dismissed on August 11, 2011. Bugariu filed his complaint in Indiana state court on August 12, 2013. That was more than three years after his arrest and imprisonment, and more than two years after charges were dropped. All of which means that it appears that Bugariu filed his complaint after the limitations period had expired.[2] So while I'm not reaching the limitations issue at this point, overcoming it looks to me like an uphill battle for Bugariu.

I also don't need to reach the defendants' Indiana Tort Claims Act or qualified immunity arguments here, so I won't address them, and I express no opinion as to their merit.

### CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (DE 4) is **GRANTED** and plaintiff Bugariu's complaint is **DISMISSED WITHOUT PREJUDICE**. Bugariu will have 30 days to file an amended complaint should he choose to do so.

**SO ORDERED.**

ENTERED: March 12, 2014

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2]The complaint doesn't include the arraignment date, and according to the defendants' motion to dismiss the complaint misstated the dismissal date (pushing it back a couple of days). (DE 5 at 5.) These points are immaterial here because (a) I'm not basing my decision on the statute of limitations, (b) even if I were making a decision based on timeliness, I'd stay within the four corners of the complaint in ruling on a motion to dismiss (because if I used an attachment to a motion then I'd be construing the motion as one for summary judgment rather than one to dismiss), and Bugariu didn't offer an underlying criminal case number in the complaint or any case documents attached to the complaint, and (c) the allegations on the face of the complaint indicate the claims are untimely without bringing in any outside information.